Scott, J.
The bill of exceptions, which is made part of the record in this case, purports to contain all the evidence offered by the parties on the hearing of the petition in error in the court of common pleas. Defendant in error read in evidence the deposition of one Orwig, and also examined as a witness the justice of the peace before whom the original action was tried. This seems to have been *56 done without objection; and if the court could properly • determine the question as to the existence of the error which the plaintiff alleged was apparent on the record, by such parol evidence, dehors the record, we think its finding was fully warranted by this evidence, which, if true, clearly showed that plaintiff in error had appeared in the action, before the justice, by filing, or causing to be filed, a bill of particulars of his set-off in the action. But this parol evidence was wholly improper. A duly certified transcript of the record, which the law required the justice to make, was the only competent evidence of what occurred or was done before him during the pendency of the action. Its statements as to all matters which by law are required to be recorded, could neither be varied, amplified, or contradicted by parol evidence. The statute requires every justice of the peace to keep a docket, on which must be entered by him, in all civil cases, among other things : “ The filing of the bill of particulars of either party, and nature thereof, and when not of too great length, the same shall be entered at length on the docket.” (Sec. 208 of the act •of the civil jurisdiction of justices of the peace. S. & C. 805.) Whether the plaintiff in error had appeared in the action before the justice, by filing a bill of particulars of his set-off, was a question of fact to be determined by an inspection of the record, and the parties certainly waived none of their legal rights by submitting this question to the court without the intervention of a jury. No other tribunal had jurisdiction to pass upon it.
But the justice’s transcript, upon which error was assigned, contained no statement that any bill of particulars had been filed by the defendant in that action; and it also failed to show that the said' defendant had been legally served with a summons in the case, or had voluntarily appeared in the action.
The defendant in error answered the plaintiff’s petition, by averring that the plaintiff had in fact appeared in the action below, by filing a bill of particulars of his set-off therein; and that the alleged transcript of the proceedings *57 ■before the justice was defective in omitting to state that fact. Without any formal answer in the case, it would have been the clear right of the defendant in error to have suggested a diminution of record, and thereupon to have procured an order on the justice to‘furnish a complete and perfect transcript of the proceedings had before him in the premises. Section 530 of the code of civil procedure provides as follows: “Writs of error and certiorari to reverse, vacate, and modify judgments or final orders in civil cases, are abolished; but courts shall have the same power to compel, complete and perfect transcripts of the proceedings containing the judgment or final order sought to be reversed, to be furnished, as they heretofore had under writs of error and certiorari.”
The averment of a defective transcript in this case, though unnecessarily made by way of formal answer, may well be regarded as a suggestion of diminutim^uf record, ■and would have entitled the defendant to denfflMgfein order on the justice to send up a complete and perfecFtranscript of the proceedings containing the judgment sought to be .reversed, and with special reference to the alleged omission. But without pro curing such order, the defendant, on the hearing of the case, produced a transcript from the justice’s docket, duly certified by him to be a full and true copy from his docket of the proceedings had before him in the action, which contained a statement of the fact that the plaintiff in error had filed with him, on the day preceding the trial of the case, a bill of particulars of his offsets in the action amounting to $67, and giving a full copy of the items thereof.
This amended or full transcript was, without objection, submitted to the court by the defendant. It might, perhaps, have been objected to because it had not been furnished under a previous order of the court. Had such objection been made, the proper order would, no doubt, have been obtained. But we think it was competent for the •plaintiff in error to waive the issuing of such order, and to consent that the transcript produced by defendant *58 should be regarded as if sent up by the j ustice in obedience to proper process; and that his failure to interpose-any objection must be regarded as such waiver and consent. This complete and perfect transcript shows conclusively, as between these parties, that the plaintiff in error appeared to the action before the justice, by filing his bill of particulars therein, and that the judgment complained of was therefore rendered in the exercise of full jurisdiction..

Judgment of the court of common pleas affirmed.